Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| JACOB LINARES CARRIÓN d/b/a JJ SERVICE, LLC  Apelados  v.  MUNICIPIO AUTÓNOMO DE ADJUNTAS  Apelantes | TA2026AP00189 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Utuado  Sobre: Sentencia Declaratoria; Arbitrios de Construcción  Caso Núm. AD2025CV00107 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 28 de mayo de 2026.

La parte apelante, el Municipio Autónomo de Adjuntas, comparece ante nos y solicita la revisión de la *Sentencia* emitida y notificada el 29 de enero de 2026, por el Tribunal de Primera Instancia, Sala de Utuado. Mediante el referido dictamen, el Foro Primario declaró *Ha Lugar* la demanda presentada por la parte apelada, Jacob Linares Carrión DBA JJ Service LLC. En consecuencia, ordenó a la parte apelante a reembolsar el pago de arbitrios de construcción.

Por los fundamentos que expondremos a continuación, se revoca la *Sentencia* apelada.

### I

El 16 de abril de 2025, la parte apelada presentó la *Demanda* de epígrafe. En el pliego, alegó que el 12 de junio de 2024, fue contratada por la Autoridad de Energía Eléctrica (en adelante, AEE) para realizar trabajos de reparación y sustitución de postes y luminarias dentro de la demarcación territorial del Municipio Autónomo de Adjuntas. Añadió que, como consecuencia de dichos

trabajos, el Municipio le impuso el pago de arbitrios de construcción, los cuales satisfizo bajo protesta por la suma de $61,292.35. Planteó que el Municipio Autónomo de Adjuntas carecía de autoridad en ley para imponerle tal arbitrio, toda vez que los trabajos realizados fueron contratados por la AEE, quien, al amparo de la *Ley de la Autoridad de Energía Eléctrica de Puerto Rico*, Ley Núm. 83 de 2 de mayo de 1941, según enmendada, 22 LPRA 191 *et seq.*, gozaba de una exención contributiva. A tenor con sus alegaciones y conforme a la Regla 59 de Procedimiento Civil, 32 LPRA Ap. V, R. 59, solicitó que se dictara sentencia declaratoria a los fines de que se determinara que el Municipio Autónomo de Adjuntas carecía de autoridad en ley para imponer arbitrios de construcción por los trabajos realizados, se ordenara la devolución de la suma de $61,292.35 pagada por dicho concepto y, en la alternativa, que se determinara que los trabajos para los cuales fue contratado no constituían obras de construcción.

En riposta, el 23 de junio de 2025, el Municipio Autónomo de Adjuntas presentó su *Contestación a Demanda*. En síntesis, sostuvo que la parte apelada no fue contratada por la AEE, sino por LUMA Energy, entidad privada con fines de lucro, por lo que no le cobijaba la exención contributiva invocada. Planteó que, conforme al Artículo 2.110(f)(1) del Código Municipal de Puerto Rico, según enmendado por la Ley Núm. 215-2024, toda obra de construcción realizada por una persona natural o jurídica privada dentro de los límites territoriales de un municipio está sujeta al pago de arbitrios, aun cuando se lleve a cabo en beneficio de una entidad gubernamental. A tales efectos, afirmó que la exención contributiva aplicable a las corporaciones públicas solo procede cuando la obra es realizada por la administración y no mediante contratación con terceros privados. Por ello, alegó que la demanda no exponía hechos constitutivos de

una causa de acción que justificara la concesión del remedio solicitado.

Tras entender sobre los escritos de las partes, el 24 de junio de 2025, el Tribunal de Primera Instancia emitió una *Orden* mediante la cual, conforme a la Regla 37.1 de procedimiento Civil, 32 LPRA Ap. V, R. 37.1, les requirió llevar a cabo una reunión con el propósito de preparar un Informe para el Manejo del Caso, el cual debía incluir los acuerdos alcanzados y presentarse en o antes del 13 de agosto de 2025.

En atención a la referida *Orden*, el 1 de agosto de 2025, las partes presentaron una *Moción Conjunta* en la cual solicitaron ser relevadas de cumplir con la presentación del Informe para el Manejo del Caso dispuesto por la Regla 37.1 de Procedimiento Civil, *supra*. En esencia, las partes expresaron que la controversia planteada en la *Demanda* de epígrafe versaba sobre asuntos de estricto derecho, relacionados a la facultad del Municipio Autónomo de Adjuntas para imponer arbitrios de construcción y a la naturaleza jurídica de los trabajos realizados por la parte apelada. A base de ello, solicitaron que se les eximiera de presentar el referido Informe y que, en su lugar, se les concediera un término para presentar las correspondientes mociones dispositivas para la consideración del Tribunal.

Así las cosas, ese mismo día, entiéndase, el 1 de agosto de 2025, el Tribunal de Primera Instancia emitió una *Resolución Interlocutoria* mediante la cual eximió a las partes de presentar el Informe para el Manejo del Caso. A su vez, les concedió un término de treinta (30) días para someter una moción conjunta que incluyera los hechos estipulados, los documentos estipulados y los fundamentos de derecho que sostuvieran las respectivas posturas de cada una.

Posteriormente, el 21 de agosto de 2025, la parte apelada presentó una *Solicitud de Sentencia Sumaria*. En esta, reiteró que no existía controversia de hechos materiales y que la controversia del caso era una de estricto derecho. En esencia, planteó que el Municipio Autónomo de Adjuntas carecía de autoridad en ley para imponer el arbitrio de construcción en controversia. Además, adujo que la enmienda al Artículo 2.110(f)(1) del Código Municipal de Puerto Rico, incorporada mediante la Ley Núm. 215-2024, fue aprobada con posterioridad a la otorgación del contrato objeto del pleito, por lo que no resultaba aplicable al caso de autos. Por otra parte, afirmó que la actividad realizada no constituía una obra de construcción conforme a la definición aplicable, por lo que no estaba sujeta al pago del arbitrio impugnado. Por todo lo cual, solicitó que se declarara *Ha Lugar* la referida solicitud y, en consecuencia: (a) se determinara que la exención contributiva invocada le era aplicable; (b) se ordenara al Municipio Autónomo de Adjuntas la devolución de la suma de $61,292.35 pagada por concepto de arbitrio; (c) se declarara, en la alternativa, que la actividad realizada no constituía una obra de construcción sujeta a arbitrio; y (d) se impusieran honorarios de abogado por temeridad y se concediera cualquier otro remedio que en derecho procediera.

El 22 de agosto de 2025, el Tribunal de Primera Instancia emitió una *Orden* en la cual, entre otras cosas, determinó que la *Solicitud de Sentencia Sumaria* presentada por la parte apelada no cumplía con lo previamente requerido por el Foro Primario. Además, dispuso que las partes contaban con un término de diez (10) días para someter la moción conjunta con los hechos y documentos estipulados y, a su vez, ordenó a la parte apelante presentar una moción exponiendo los fundamentos de derecho que sostuvieran su postura en cuanto a la controversia planteada en autos.

Por su parte, el 2 de septiembre de 2025, la parte apelante presentó la correspondiente *Moción Exponiendo el Derecho que Sostiene la Posición de Demandado sobre su Facultad de Imponer los Arbitrios de Construcción a la Parte Demandante*. En esencia, sostuvo que los municipios en Puerto Rico cuentan con autoridad en ley para imponer arbitrios de construcción sobre toda actividad de construcción realizada dentro de sus límites territoriales, al amparo del Código Municipal de Puerto Rico, Ley Núm. 107-2020, 21 LPRA sec. 7001 *et seq.*, incluyendo aquellas obras ejecutadas por personas privadas en beneficio de entidades públicas. En esa misma línea, adujo que la enmienda al Artículo 2.110(f)(1) del referido estatuto, incorporada mediante la Ley Núm. 215-2024, se limitó a aclarar el estado de derecho vigente, sin crear una norma nueva. De otra parte, planteó que la parte apelada interpretó erróneamente la exención contributiva dispuesta en la Ley de la Autoridad de Energía Eléctrica de Puerto Rico, *supra*, al pretender extenderla a su favor como contratista de LUMA Energy, entidad privada encargada de la operación del sistema eléctrico. Según afirmó, la referida exención cobijaba exclusivamente a la AEE y no a terceros privados. A esto, añadió que las exenciones contributivas debían interpretarse de forma restrictiva y que, en caso de duda, debía prevalecer la tributación municipal. Finalmente, sostuvo que los trabajos realizados por la parte apelada constituían una obra de construcción conforme a la definición contenida en la Ordenanza Municipal Núm. 4, Serie 2023-2024, aprobada el 15 de noviembre de 2023, la cual comprendía labores de reparación, reemplazo e instalación de infraestructura eléctrica. Por todo lo cual, solicitó que se declarara *No Ha Lugar* la *Demanda* de epígrafe y se dictara sentencia declaratoria a su favor.

Posteriormente, el 3 de septiembre de 2025, las partes presentaron una Moción Conjunta. En esta, cumplieron con lo

ordenado por el Tribunal de Primera Instancia, al identificar y enumerar los hechos y documentos estipulados.

Sometido el caso para su consideración, el 29 de enero de 2026, el Tribunal de Primera Instancia emitió la *Sentencia* que nos ocupa. Mediante el referido dictamen, el Foro Primario resolvió que, si bien el Código Municipal de Puerto Rico, *supra*, reconocía la facultad de los municipios para imponer arbitrios de construcción sobre obras realizadas por personas privadas dentro de sus límites territoriales, dicha potestad no podía prevalecer en este caso frente a la exención contributiva reconocida a la AEE en la Ley de la Autoridad de Energía Eléctrica de Puerto Rico, *supra*. En particular, determinó que la AEE era la dueña de la obra en controversia y que, por estar exenta del pago de contribuciones municipales, no procedía imponerle dicho arbitrio a la parte apelada. A su vez, concluyó que, ante pugna entre el Código Municipal, *supra*, y la Ley de la Autoridad de Energía Eléctrica de Puerto Rico, *supra*, prevalecían las disposiciones de esta última. Además, resolvió que los trabajos realizados constituían una obra de construcción conforme a la definición aplicable y que la Ley Núm. 215-2024, *supra*, no alteró la regulación anterior del Artículo 2.110(f) del Código Municipal, *supra*. Consecuentemente, declaró *Ha Lugar* la *Demanda* y ordenó al Municipio Autónomo de Adjuntas a reembolsar a la parte apelada la suma de $61,292.35 pagada por concepto de arbitrios de construcción.

Inconforme, el 20 de febrero de 2026, la parte apelante compareció ante nos mediante el presente recurso de apelación. En el mismo formula los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al determinar que la Ley Habilitadora de la Autoridad de las Fuentes Fluviales de Puerto Rico, hoy Autoridad de Energía Eléctrica tiene primacía sobre la Ley 107 de 2020, según enmendada (Código Municipal).

> Erró el Tribunal de Primera Instancia al determinar que la exención concedida por la Ley 83 del 2 de mayo de 1941, según enmendada, también le es transferible a contratistas privados y sub-contratistas que contraten con la Autoridad, a pesar de reconocer que la Ley 107-2020, según enmendada, Código Municipal de Puerto Rico "dispone que la exención del arbitrio de construcción aplicable a la Autoridad no es extensiva a las personas jurídicas privadas que realizan contratos con éstas."

Luego de examinar el expediente de autos y con el beneficio de la comparecencia de ambas partes de epígrafe, procedemos a expresarnos.

**II**

**A**

La Constitución de Puerto Rico establece que, "[e]l poder del Estado Libre Asociado para imponer y cobrar contribuciones y autorizar su imposición y cobro por los municipios se ejercerá según se disponga por la Asamblea Legislativa, y nunca será rendido o suspendido". Art. VI, Sec. 2, Const. ELA, LPRA, Tomo 1; *Cobra Acquisitions, LLC v. Municipio de Yabucoa*, 210 DPR 384, 398 (2022); *Interior Developers v. Mun. de San Juan*, 177 DPR 693 (2009). Debido a que la Rama Legislativa es la entidad con el poder impositivo del Estado, esta se encuentra facultada para delegarle a los municipios el poder para imponer contribuciones. *Cobra Acquisitions, LLC v. Municipio de Yabucoa*, supra, pág. 398.

En el ejercicio de esa prerrogativa constitucional, fue aprobada la Ley Núm. 107-2020, según enmendada, conocida como Código Municipal de Puerto Rico, 21 LPRA sec. 7001 *et seq.* (en adelante, Código Municipal). Así, mediante la aprobación del referido estatuto, se insertó en nuestro estado de derecho un esquema legal dirigido a ampliar el grado de autonomía de los municipios, a fin de incrementar sus facultades en el cabal cumplimiento de sus responsabilidades. Véase, Exposición de Motivos, Ley Núm. 107-2020, *supra*. Por tanto, en la consecución de

los objetivos y principios que a tales fines contempla, el Código Municipal, establece que sus disposiciones habrán de interpretarse liberalmente a favor de los municipios, cumpliéndose, de este modo, la política pública de garantizarles las facultades jurídicas, fiscales y administrativas necesarias para salvaguardar el bienestar de sus habitantes. 21 LPRA sec. 7005.

Dentro de las facultades conferidas por el referido estatuto, el Artículo 2.109 del Código Municipal, autoriza a los municipios a imponer contribuciones o arbitrios sobre las obras de construcción que se realicen dentro de sus límites territoriales. 21 LPRA sec. 7331. En lo pertinente, el referido artículo dispone como sigue:

[. . .]

> Toda obra de construcción dentro de los límites territoriales de un municipio, realizada por una persona natural o jurídica privada, o que sea llevada a cabo por una persona natural o jurídica privada a favor o en representación de, o por contrato o subcontrato suscrito con una agencia pública o corporación pública o instrumentalidad del Gobierno estatal o municipal o del Gobierno federal, incluyendo aquella obra que no requiera la solicitud o expedición de un permiso, deberá pagar arbitrio de construcción correspondiente, previo al comienzo de la obra.

[. . .].

*Íd.*

Al interpretar esa disposición, nuestro Tribunal Supremo ha dispuesto que la obligación de pagar los arbitrios de construcción se encuentra regida por los siguientes elementos: (1) que se trate de una obra de construcción; (2) que esté dentro de los límites territoriales del municipio y; (3) que la realice una persona natural o jurídica privada, o una persona natural o jurídica privada contratada por una agencia o dependencia del Gobierno Central, municipal o federal. *Interior Development v. Mun. de San Juan, supra,* pág. 705; *Coop. Ahorros Rincón v. Mun. Mayagüez,* 200 DPR 546, 555 (2018).

De otra parte, el inciso (5) del Artículo 1.007 del propio Código Municipal dispone que no se eximirá total ni parcialmente del pago de contribuciones municipales a persona natural o jurídica alguna, salvo que por ley se disponga o autorice expresamente tal exención. 21 LPRA sec. 7012. En armonía con ello, el inciso (f) del Artículo 2.110 del Código Municipal dispone cuáles obras quedan exentas del pago del arbitrio de construcción, a saber:

> Quedan exentas del pago de arbitrio de construcción aquellas obras hechas mediante el método conocido como administración, es decir, como parte de los programas de construcción que realice una agencia del Gobierno estatal o sus instrumentalidades, una corporación pública, un municipio o una agencia del Gobierno federal. No obstante, esta exención no aplica a las obras de construcción llevadas a cabo por una persona natural o jurídica, actuando a favor o en representación de, o por contrato o subcontrato suscrito con una agencia pública o corporación pública o instrumentalidad del Gobierno estatal, municipal, o federal. Además, esta exención no será de aplicación a aquella actividad de construcción realizada por un contribuyente en favor de una persona natural o jurídica o entidad pública o privada, aun cuando esta última, como dueño de la obra, sea una entidad exenta, sin que esto constituya o se pueda interpretar como un menoscabo a la exención concedida al dueño de la obra. Tampoco aplica dicha exención cuando se trate de obras de construcción llevadas a cabo por una persona natural o jurídica actuando a favor o en representación de o por contrato o subcontrato suscrito con una agencia del Gobierno federal, cuando las leyes o reglamentos federales aplicables así lo permitan.

21 LPRA sec. 7332.

Es preciso destacar que, en cuanto a las exenciones contributivas, nuestro más alto Foro ha establecido que estas deberán interpretarse restrictivamente, y en caso de duda, a favor de su inexistencia. Ahora bien, no se debe perder de perspectiva que, su interpretación no puede ser tan restrictiva que tenga el efecto de frustrar la intención legislativa. *Coop. de Ahorro de Rincón v. Mun. de Mayagüez*, supra, pág. 560; *Pfizer Pharm. v. Mun. de Vega Baja*, 182 DPR 267, 279 (2011).

**B**

Por otra parte, con la aprobación de la Ley Núm. 83 del 2 de mayo de 1941, conocida como la Ley de la Autoridad de Energía Eléctrica de Puerto Rico, según enmendada, 22 LPRA sec. 191, *et seq.*, se creó la Autoridad de Energía Eléctrica de Puerto Rico. Mediante esta, se estableció que el organismo sería un cuerpo corporativo y político que constituiría una corporación pública e instrumentalidad gubernamental, sujeta al control de su Junta de Gobierno, pero, a su vez, una con existencia y personalidad legal separada y aparte de la del Gobierno de Puerto Rico. 22 LPRA sec. 193.

En lo aquí pertinente, la Sección 22 (a) de la Ley Núm. 83 de 1941, dispone lo siguiente:

> Por la presente se dispone y se declara que los fines para los que la Autoridad se crea y debe ejercer sus poderes son: la conservación de los recursos naturales, el mejoramiento del bienestar general, y el fomento del comercio y la prosperidad, y son todos ellos propósitos de fines públicos para beneficio del Estado Libre Asociado de Puerto Rico en todos sentidos y, por tanto, la Autoridad no será requerida para pagar ningunas contribuciones estatales o municipales, o impuestos de cualquier tipo sobre ninguna de las propiedades muebles e inmuebles adquiridas por ella o bajo su potestad, dominio, posesión o inspección, o sobre sus actividades en la explotación y conservación de cualquier empresa, o sobre los ingresos derivados de cualesquiera de sus empresas y actividades, o sobre su volumen de negocios. Las personas que celebren contratos con la Autoridad no estarán sujetas al impuesto gubernamental sobre contratos, establecido en la Ley 1-2011, según enmendada, conocida como el "Código de Rentas Internas de Puerto Rico de 2011".

> 22 LPRA sec. 212.

Por otro lado, la Sección 27 de la referida Ley Núm. 83 de 1941, establece que:

> En los casos en que las disposiciones de esta ley estén en pugna con las disposiciones de cualquier otra ley de la Asamblea Legislativa de Puerto Rico, prevalecerán las disposiciones de esta ley y ninguna otra ley aprobada anterior o posteriormente, regulando la administración del Gobierno Estadual o de cualesquiera partes, oficinas, negociados, departamentos, comisiones, dependencias, municipalidades, ramas, agentes, funcionarios o empleados del mismo, será interpretada como aplicable a la Autoridad, a menos que así se

disponga taxativamente, pero los asuntos y negocios de la Autoridad serán administrados conforme se provee en esta ley.
22 LPRA sec. 217.

**III**

En su recurso, la parte apelante sostiene que incidió el Tribunal de Primera Instancia al ordenar el reembolso de los arbitrios de construcción pagados por la parte apelada. En esencia, en su primer señalamiento de error, plantea que el Foro Primario erró al reconocer primacía a la Ley de la Autoridad de Energía Eléctrica de Puerto Rico, *supra*, sobre las disposiciones del Código Municipal de Puerto Rico, *supra*. A su vez, en su segundo señalamiento de error, aduce que el Foro sentenciador también se equivocó al determinar que la exención contributiva concedida a la AEE se extiende a contratistas privados y subcontratistas, pese a que el propio Código Municipal dispone que la exención del arbitrio de construcción aplicable a la referida entidad no es extensiva a personas jurídicas privadas que realizan obras en beneficio de esta. Habiendo examinado los referidos señalamientos a la luz de los hechos establecidos y del derecho aplicable, revocamos la *Sentencia* apelada.

Por estar íntimamente relacionados, discutiremos en conjunto, al igual que la parte apelante, ambos señalamientos de error.

De entrada, es menester destacar que la Sección 27 de la Ley de la Autoridad de Energía Eléctrica de Puerto Rico, *supra*, establece que, cuando las disposiciones de ese estatuto entren en pugna con las de cualquier otra ley de la Asamblea Legislativa de Puerto Rico, prevalecerán las primeras. El texto de la referida disposición es claro y no admite ambigüedad. Ahora bien, la aplicación de esa norma presupone la existencia de disposiciones legales que regulen un mismo asunto de forma incompatible. Por lo tanto, en el caso ante nuestra consideración, nos corresponde evaluar si, en efecto, las

disposiciones de la Ley de la Autoridad de Energía Eléctrica de Puerto Rico, *supra,* y las del Código Municipal de Puerto Rico, *supra,* entran en pugna en cuanto a la obligación de una persona jurídica privada de pagar arbitrios de construcción por obras realizadas en beneficio de la AEE. Adelantamos que no se configura tal escenario. Veamos.

Según esbozáramos previamente, el Código Municipal de Puerto Rico, *supra,* reconoce a los municipios la facultad de imponer arbitrios de construcción sobre aquellas obras realizadas dentro de sus límites territoriales por personas naturales o jurídicas privadas, incluso cuando estas se ejecuten a favor o en representación de o por contrato o subcontrato, suscrito con una agencia pública o corporación pública o instrumentalidad del Gobierno estatal o Municipal o Gobierno federal. De igual forma, el inciso (5) del Artículo 1.007 del propio estatuto dispone que no se eximirá total ni parcialmente del pago de contribuciones municipales a persona natural o jurídica alguna, salvo que por ley se disponga o autorice expresamente tal exención. A la luz de ese marco normativo, nuestro Tribunal Supremo ha dispuesto que la obligación de pagar arbitrios de construcción se activa cuando concurren tres elementos: (1) que se trate de una obra de construcción; (2) que esta se realice dentro de los límites territoriales del municipio; y (3) que sea realizada por una persona natural o jurídica privada, o por una persona natural o jurídica privada contratada por una agencia o dependencia del Gobierno central, municipal o federal.

Aunque el Artículo 2.110(f) del Código Municipal de Puerto Rico, *supra,* reconoce una exención del pago de arbitrios de construcción para aquellas obras realizadas como parte de los programas de construcción de entidades gubernamentales mediante el método de administración, el propio estatuto delimita expresamente el alcance de ese beneficio. En específico, dispone que

dicha exención no aplica a obras ejecutadas por personas naturales o jurídicas que actúan a favor de, en representación de, o mediante contrato o subcontrato suscrito con una agencia o corporación pública, aun cuando la entidad para la cual se realiza la obra sea una entidad exenta.

Por su parte, la Sección 22 de la Ley de la Autoridad de Energía Eléctrica de Puerto Rico, *supra,* dispone que la AEE no vendrá obligada al pago de contribuciones estatales o municipales, ni de impuestos de cualquier tipo, sobre sus propiedades, actividades, ingresos o volumen de negocios. Si bien la disposición hace referencia a las personas que celebran contratos con la AEE, lo hace de forma limitada, al eximirlas **únicamente del pago del impuesto gubernamental sobre contratos, establecido en la Ley Núm. 1-2011, según enmendada, conocida como el Código de Rentas Internas de Puerto Rico de 2011, sin extender ese beneficio a otras cargas contributivas, como lo son los arbitrios de construcción.** En consecuencia, es forzoso concluir que no existe disposición alguna en el texto de la Ley de la Autoridad de Energía Eléctrica de Puerto Rico, *supra*, que nos permita inferir que el legislador contempló extender dicha exención contributiva a terceros privados. De haber sido esa la intención legislativa, así lo habría dispuesto expresamente.

En el caso ante nuestra consideración, el Tribunal de Primera Instancia concluyó que la exención contributiva reconocida en la Ley de la Autoridad de Energía Eléctrica de Puerto Rico, *supra*, resultaba extensiva a la parte apelada, por tratarse de una obra realizada en beneficio de la AEE, y, a base de ello, ordenó el reembolso de los arbitrios de construcción pagados. Para así resolver, el Foro sentenciador se apoyó en el análisis adoptado en *Coop. Ahorros Rincón v. Mun. Mayagüez,* 200 DPR 546, 555 (2018). Sin embargo, las circunstancias jurídicas que dieron lugar a ese precedente son

distinguibles de las que aquí nos ocupan. En aquel caso, nuestro Tribunal Supremo dispuso que la Ley de Sociedades Cooperativas de Ahorro y Crédito de 2002,[1] contenía un lenguaje amplio y abarcador que evidenciaba de forma expresa la intención legislativa de extender la exención contributiva a las cooperativas, independientemente de si las obras de construcción eran realizadas directamente por estas o mediante terceros. Precisamente por ello, en ese contexto resultaba pertinente evaluar a quién le pertenecía la obra objeto de controversia, pues la titularidad de esta incidía en la aplicación de la exención reclamada.

No obstante, a diferencia de ese escenario y conforme al marco normativo previamente discutido, para resolver la controversia ante nuestra consideración no resulta determinante auscultar a quién pertenece la obra, pues la propia Ley de la Autoridad de Energía Eléctrica de Puerto Rico, *supra*, delimita el alcance de la exención reconocida a terceros contratantes y los releva únicamente del pago del impuesto gubernamental sobre contratos establecido en el Codigo de Rentas Internas de 2011, *supra*. Enfatizamos que, de haber sido la intención legislativa extender ese beneficio al pago de arbitrios de construcción, así lo habría dispuesto expresamente.

Por lo tanto, en el caso ante nuestra consideración, no existe controversia en cuanto a que Jacob Linares Carrión DBA JJ Service LLC, entidad privada, fue contratada para realizar trabajos de construcción dentro de la demarcación territorial del Municipio Autónomo de Adjuntas, ni que los trabajos realizados constituyen una obra de construcción. Bajo ese cuadro fáctico, y a la luz de los requisitos jurisprudenciales previamente discutidos para la imposición de arbitrios de construcción, la parte apelada viene obligada al pago de los arbitrios correspondientes.

---

[1] Ley Núm. 255-2002, 7 LPRA sec. 1361 *et seq.*

A la luz de lo anterior, resolvemos que el Tribunal de Primera Instancia incidió al extender la exención contributiva de la Autoridad de Energía Eléctrica a la parte apelada y, a base de ello, ordenar el reembolso de los arbitrios de construcción pagados. En consecuencia, revocamos la *Sentencia* apelada y dejamos sin efecto lo allí dispuesto.

IV

Por los fundamentos que anteceden, se revoca la *Sentencia* apelada, ello a tenor con lo dispuesto por este Foro.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones